UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAHID AND ANN KHAN,

        Plaintiff,

v.

UNITED STATES OF AMERICA, acting by and through the INTERNAL REVENUE SERVICE,

        Defendant.

and

JONCTION, LLC,

        Plaintiff,

v.

UNITED STATES OF AMERICA, acting by and through the INTERNAL REVENUE SERVICE,

        Defendant.

and

KPASA, LLC,

        Plaintiff,

v.

UNITED STATES OF AMERICA, acting by and through the INTERNAL REVENUE SERVICE,

        Defendant.

and

SRK WILSHIRE PARTNERS, LLC,

Case No. 07-50407
Honorable David M. Lawson

**ORDER DENYING PETITIONS TO QUASH IRS SUMMONSES AND GRANTING MOTIONS TO ENFORCE SUMMONSES**

CONSOLIDATED CASES

Case No. 07-50418
Honorable David M. Lawson

Case No. 07-50419
Honorable David M. Lawson

        Plaintiff,

v.                                                                                                       Case No. 07-50421
                                                                                                         Honorable David M. Lawson
UNITED STATES OF AMERICA, acting by
and through the INTERNAL REVENUE
SERVICE,

        Defendant.

and

SRK WILSHIRE PARTNERS, INC.,

        Plaintiff,

v.                                                                                                       Case No. 07-50422
                                                                                                         Honorable David M. Lawson
UNITED STATES OF AMERICA, acting by
and through the INTERNAL REVENUE
SERVICE,

        Defendant.

and

UVIADO, LLC,

        Plaintiff,

v.                                                                                                       Case No. 07-50423
                                                                                                         Honorable David M. Lawson
UNITED STATES OF AMERICA, acting by
and through the INTERNAL REVENUE
SERVICE,

        Defendant.
_____/

## ORDER DENYING MOTION TO QUASH IRS SUMMONSES
## AND GRANTING MOTION TO ENFORCE SUMMONSES

The plaintiffs Shahid and Ann Khan and five related entities are seeking to quash Internal Revenue Service (IRS) summonses issued to BDO Seidman employee Paul Shanbrom, their accountant. Mr. Khan is accused of sheltering several hundred million dollars from the IRS during certain tax years in improper tax shelters. In their petitions to quash, the plaintiffs raise seven challenges to the summonses, focusing mainly on a ruling involving the Khans by Chief Judge James Holderman of the United States District Court for the Northern District of Illinois; this Court considered and rejected those same arguments following a hearing conducted on October 17, 2007. However, the plaintiffs raised the argument that unless the government discloses whether the summoned individuals are the subject of a referral to the Justice Department for investigation, enforcing the summons will violate section 7602(d)(1) of the Internal Revenue Code. That statute prohibits enforcement proceedings "with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(d)(1). In order to determine whether a genuine controversy existed, this Court twice ordered the government to disclose whether a referral was in effect as to the summoned individual. The government refused to make the disclosure as ordered. A nearly identical scenario was played out between these parties before Judge Ruben Castillo in the Northern District of Illinois, where the same IRS agent attempted to summon a different BDO Seidman accountant to investigate the same tax shelters in which the Khans invested. *See Khan v. United States ex rel. I.R.S.*, 537 F. Supp. 2d 944 (N.D. Ill. 2008). There too, the IRS refused an order by a district court to disclose whether a Justice Department referral had been made as to the summoned witness, and the court granted the Khans' motion to quash the summons on the authority of section 7602(d)(1). In the meantime, the United States Court of Appeals for the Seventh

Circuit reversed the district court decision that formed the cornerstone of the plaintiffs' arguments, *see Khan v. United States*, 548 F.3d 549 (7th Cir. 2008), holding that the IRS Commissioner's interpretation that section 7602(d)(1)'s prohibition applies only to referrals of the taxpayer for prosecution, not the summoned person, is reasonable and entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The Seventh Circuit's decision undercuts many of the plaintiffs' preclusion arguments and, although not binding on this Court, is sufficiently persuasive to prompt a ruling on the import of section 7602(d)(1) in favor of the government. Therefore, despite the government's intransigence and disobedience of the Court's orders, the Court will deny the petitions to quash the summons and grant the motions to enforce the summonses.

I.

The plaintiffs raise the following challenges to the summonses, which are the same arguments advanced in the Illinois federal court:

1. *Res judicata* and/or collateral estoppel
2. The requested information is protected by work-product, attorney-client, or tax practitioner privileges.
3. The IRS is already in possession of the requested information.
4. The summonses are "not relevant to an existing IRS audit in the sense that the IRS reached its audit conclusion long ago."
5. The summonses are issued for an improper purpose, namely circumventing the ruling of the Northern District of Illinois.
6. The summonses are not issued in good faith.
7. The summonses are overly broad and onerous.

Beginning in 1999, accounting firm BDO Seidman, LLP ("BDO" or "BDO Seidman") promoted aggressive tax shelters that the IRS contends are potentially abusive, without complying with the Internal Revenue Code's listing requirements. Among BDO's clients are Mr. and Mrs. Khan. In September 2000, the IRS began to investigate these claims, and issued summonses

requesting the production of documents and testimony related to the challenged transactions. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 809 (7th Cir. 2007). On July 9, 2002, it filed a petition in the Northern District of Illinois to enforce a series of twenty summonses issued to BDO. *United States v. BDO Seidman, LLP*, 2004 WL 1470034, at *1 (N.D. Ill. Jun. 29, 2004).

BDO produced a privilege log identifying 1,119 documents it believed it did not have to turn over, claiming the attorney-client privilege and the work product privilege, and challenging the summonses as being over broad, serving no legitimate purpose and requesting information already in the IRS's possession. *Ibid.* Several of BDO's clients sought to intervene anonymously to assert the tax practitioner privilege under 26 U.S.C. § 7525(a). After reviewing the records, the Court rejected the challenges, and refused to permit the clients to intervene anonymously. *United States v. BDO Seidman*, 337 F.3d 802, 807 (7th Cir. 2003). On appeal, the Seventh Circuit remanded so that the district court could make more extensive findings as to the potential intervenors. *BDO*, 2002 WL 32080709.

On remand, the district court conducted an *in camera* inspection of relevant documents and concluded that the tax practitioner privilege did not prevent disclosure of the intervenors' identities. In 2003, the Seventh Circuit affirmed this decision, finding that the clients had not established a protected interest in concealing their "identities as individuals who participated in tax shelters promoted by BDO." *BDO*, 337 F.3d at 813. On remand once again, the IRS consented to the clients' intervention as of right after they revealed their identities. *BDO*, 492 F.3d at 810. Mr. Khan was one of the intervenors. *United States v. BDO Seidman, LLP*, Br. for Intervenors/Appellees/Cross-Appellants, 2006 WL 304083 (Appellate Brief) (7th Cir. Jan. 6, 2006).

On October 3, 2003, BDO turned over to the government "39 boxes of non-privileged documents consisting of approximately 65,000 pages of materials relating to the Intervenors and their related entities." Decl. of Larry Weinger, Ex. 5, Aff. of Adam Bergman ¶ 12. By 2004, the intervenors were challenging 267 documents based on the tax practitioner privilege, and BDO was challenging 110 documents based on attorney-client privilege or work product privilege. *BDO*, 2004 WL 1470034 at *1-2. Addressing BDO's claims of privilege as to the 110 documents, the court ruled that 103 documents were covered by the attorney-client privilege, and one document was covered by the work product privilege. Six documents were found to not be covered, and ordered to be turned over to the IRS. The Seventh Circuit affirmed this decision.

The district court also agreed with the intervenors that 266 of the 267 disputed documents were protected by either the tax practitioner's privilege or attorney-client privilege, but did not specify which one. The court ruled that one document, Document A-40, was not covered by the privilege due to the exception for crime or fraud. For the other 266 documents, the Court found that the tax shelter exception to the tax practitioner privilege did not apply. *BDO*, 2005 WL 742642. In a July 2007 appeal, the Seventh Circuit vacated and remanded the decision that the tax shelter exception did not apply to these 266 documents because it was "unclear what legal standard [the court] applied." *BDO*, 492 F.3d at 828.

The Khans used BDO to attempt to reduce their tax liability for the tax years 1999 through 2003. The IRS suspects the Khans of attempting to reduce their tax liability by $85,000,000 by sheltering $250,000,000 in income. The IRS believes that the Khans engaged in three "Son-of-Boss" tax shelters and two "Distressed Asset and Debt (DAD)" tax shelters. It explains:

> The Son of BOSS transaction is structured to generate purported tax losses by enabling the taxpayer to claim an artificially high basis in partnership interests for

-6-

> the purpose of deducting non-economic losses on the disposition of an interest in the partnership or on the disposition of assets distributed to the taxpayer from the partnership. Petitioners' transactions are similar to the currency option version of the Son of Boss transaction described in the second fact pattern in Notice 2000-44, 2000-2 C.B. 255
>
> In the Distressed Asset and Debt transaction (purportedly) a foreign partner contributes high-basis, low value assets to a partnership, the partnership claims a basis in the assets equal to the foreign partner's basis, the foreign partner sells its interest in the partnership to a U.S. taxpayer, the partnership then contributes the assets to another partnership (P2), then the partnership claims a basis in the second partnership (P2) equal to its basis in the assets. The partnership then purportedly sells its interest in the second partnership (P2) for an amount equal to the asset's value and claims a purported loss, which is then passed through to the U.S. taxpayer.

Def.'s Mot. to Enforce at 3 n. 2.

On April 16, 2007, the IRS issued a summons to Paul Shanbrom, an employee of BDO Seidman in its Troy, Michigan office. The summons required him to appear before an officer of the IRS to testify about his knowledge "relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue law concerning" Mr. and Mrs. Khan, and five entities "involved in Mr. Kahn's investments" for the calendar years 1999 through 2003. Pl.'s Pets. to Quash Summons ex. A. The five entities are:

1. KPASA, LLC, a limited liability company with a principal place of business in Connecticut "or" Illinois. Pet. to Quash Summons at 2, *KPASA, LLC v. IRS*.
2. SRK Wilshire Partners, LLC, a limited liability company with a principal place of business in Illinois. Pet. to Quash Summons at 2, *SRK Wilshire Partners, LLC v. IRS*.
3. SRK Wilshire Partners, Inc., an S corporation with a principal place of business in Illinois. *SRK Wilshire Partners, Inc. v. IRS*.
4. Jonction, LLC, a limited liability company with a principal place of business in Connecticut "or" Illinois. Pet. to Quash Summons at 2, *Jonction, LLC v. IRS*.
5. Uviado, LLC, a limited liability company with a principal place of business in Connecticut "or" Illinois. Pet. to Quash Summons at 2, *Uviado, LLC v. IRS*.

Mr. Shanbrom advises Mr. Khan and his entities on tax issues and has received over $8.5 million in fees. The Khans have deducted $3.5 million of those fees on their 2002 and 2003 taxes. The IRS believes Mr. Shanbrom's testimony is "relevant to the correct determination of the federal income tax liabilities of the Khans for the periods under examination." Decl. of Larry Weigner at ¶ 17. The IRS examiner believes that due to "his involvement with the Khans, Shanbrom should be able to provide facts and information regarding the economic substance, tax motive, and profit motive with respect to the five separate tax shelters in which the Khans engaged." *Id.* at ¶ 22. "In addition, Shanbrom should be able to provide facts and information relating to the services performed by Shanbrom and others at BDO." *Ibid.* The IRS Agent seeking the interview states that "[n]one of the documents that I might use during the interview of Shanbrom, have been identified on the privilege logs of 267 documents" in the Seventh Circuit BDO case, *id.* at ¶ 24, and "[t]he testimony demanded by the summons is not already in the possession of the Internal Revenue Service." *Id.* at ¶ 16. As of September 24, 2007, "there is no 'Justice Department referral,' as that term is described in 26 U.S.C. § 7602(d), in effect with respect to the Khans for any of the periods in issue." *Id.* at ¶ 12. As mentioned earlier, however, the government has refused to state whether there is a Justice Department referral in effect as to Shanbrom.

Mr. Shanbrom was ordered to appear on May 22, 2007, at the offices of Katten Muchin Rosenman LLP in Chicago. The summons appearance date was postponed indefinitely pending the outcome of this case. Decl. of Larry Weinger ¶ 16. On May 7, 2007, the plaintiffs petitioned this Court to quash the IRS summonses as to several of the Khan entities. The cases were consolidated on August 15, 2007.

Following a hearing on October 17, 2007, the Court ruled against the plaintiffs on all the arguments advanced in the motions to quash the summons, save the argument that the statutory bar of section 7602(d)(2) applied. The Court then ordered the government to make a disclosure under seal whether Mr. Shanbrom was the subject of a Justice Department referral, which, as noted above, the government refused.

In January 2008, Judge Castillo of the district court in Illinois quashed the summonses issued to another BDO representative from whom the IRS sought information regarding the Khans' tax shelters. The court rejected the government's argument that the confidentiality provisions of 26 U.S.C. § 6103(a) prohibited disclosure of whether a referral had been made. The court found that the exception in section 6301(h)(4)(C) applied, which permits a return or return information to be disclosed in a federal judicial proceeding pertaining to tax administration "if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." The court reasoned:

> Section 6103(h)(4)(C) does apply, [the accountant]'s potential liability is directly related to the resolution of an issue in this case – the use of potentially abusive tax shelters – and whether a Justice Department referral is in effect with respect to [the accountant] directly relates to the transactional relationship between Petitioners and [the accountant]. The government's own arguments support this finding, as it argued that [the accountant]'s involvement in recommending and implementing the allegedly potentially abusive tax shelters for the Khans demonstrate the relevance of [the accountant]'s testimony to the IRS's investigation and audit in Petitioners' case.

*Khan v. U.S. ex rel. I.R.S.*, 537 F. Supp. 2d at 950.

Both the government and the Khans have posed the same arguments and counter-arguments in this Court. It appears that the Khans had the better position in terms of logic and precedent until last November, when the Seventh Circuit handed down its decision.

II.

The Khans attacked the IRS summonses to Paul Shanbrom on the grounds that the dispute was settled in their favor in the Illinois court. That basic premise supported their arguments that claim preclusion, various privileges, the lack of necessity, overbreadth, and the government's bad faith barred the enforcement of the summons in this case. However, as the Illinois district court observed, the existence of a Justice Department referral under section 7402(b)(1) "is '[t]he only express statutory ground for quashing a tax summons . . . .'" *Khan*, 537 F. Supp. 2d at 947 (quoting *United States v. Michaud*, 907 F.2d 750, 758 (7th Cir. 1990) (Posner, J., dissenting)).

As noted above, however, the Illinois district court's decision was reversed by the Seventh Circuit. *See Khan v. United States*, 548 F.3d 549 (7th Cir. 2008). The appellate court examined the competing interpretations offered by the parties as to the application of section 7602(d)(1) and found an ambiguity to exist. The statute reads: "No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person." 26 U.S.C. § 7602(d)(1). The Khans argued to the Seventh Circuit, as they do here, that the statute applies to "any person" who is the object of a summons, while the government relies on its regulation that the statute is limited to the taxpayer under investigation. *See* 26 C.F.R. § 301.7602-1(c). After parsing each party's construction of the statute's phrases, the appellate court found "that while both interpretations have some merit, there is no clear winner." *Id.* at 556. Finding that the government's interpretation of the statute was reasonable and therefore entitled to *Chevron* deference, the court held:

> The language that the Commissioner added to the regulation in interpreting the statute is clear. It confirms that, in the view of the Commissioner, § 7602(d)(1)

-10-

> applies only when the IRS has referred the taxpayer whose liabilities are at issue. The regulation does not bar the IRS from summoning a third party witness when it has referred the summoned third party witness to the Justice Department.

*Id.* at 557. The court made that determination despite the general recognition by other courts that the policy behind the Justice Department referral exception is to prevent use of the civil summons as a mechanism to broaden the Justice Department's right of criminal litigation discovery. *See United States v. LaSalle Nat. Bank*, 437 U.S. 298, 311-313 (1978) (observing that "[n]othing in § 7602 or its legislative history suggests that Congress intended the summons authority to broaden the Justice Department's right of criminal litigation discovery or to infringe on the role of the grand jury as a principal tool of criminal accusation. . . . The prophylactic restraint on the use of the summons effectively safeguards the two policy interests while encouraging maximum interagency cooperation").

The Court believes that the plaintiffs' interpretation more closely tracks the statutory language and better advances the policy behind the legislation. But the conclusion that the statute is ambiguous is unavoidable, and it cannot be said that the government's interpretation of the statute is unreasonable. The Court, therefore, is constrained to adopt the reasoning of the Seventh Circuit and conclude that section 7602(d)(1) poses no bar to the summonses issued in the present case.

### III.

Guided mainly by the decision of the Seventh Circuit discussed above, the Court finds that there is no statutory bar to the enforcement of the summons in these consolidated cases.

Accordingly, it is **ORDERED** that the plaintiffs' motions to quash the summonses [dkt # 1] are **DENIED**, and the governments's motions to enforce the summonses [dkt # 21, case no. 07-

50407; dkt. #16, 07-50418; dkt. #16, 07-50419; dkt. #16, 07-50421; dkt. #16, 07-50422; dkt. #16, 07-50423] are **GRANTED**.

                                           s/David M. Lawson
                                           DAVID M. LAWSON
                                           United States District Judge

Dated:  April 14, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2009.

                               s/Lisa M. Ware
                               LISA M. WARE